# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROEL CENTENO,<br>CDCR #G-53955,<br><br>                                   Plaintiff,<br><br>vs.<br><br>M.E. BANAGA BUGATIN, et al.,<br><br>                                   Defendants. | Civil No.   10-1947 AJB (PCL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF PROCESS PURSUANT TO FED.R.CIV.P. 4(c)(2)**<br><br>**[ECF No. 6]** |

## I.     Procedural History

Plaintiff, a state prisoner, currently incarcerated at California Institution for Men located in Chino, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in the Central District of California.  This matter was transferred to the Southern District of California on September 16, 2010.  On November 8, 2010, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP").  Initially, the Court denied Plaintiff's Motion to the extent that he had sufficient funds in his inmate trust account to pay the initial filing fee.  Thus, Plaintiff paid the entire $350.00 initial civil filing fee on February 14, 2011.

## II. Plaintiff's Motion to Proceed IFP

Because plaintiffs who prepay the civil filing fee are not considered to proceed IFP, they are not automatically entitled to have the U.S. Marshal effect service on their behalf, and they must do so within the 120 days provided by FED.R.CIV.P. 4 (m). *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (absent a specific request and court order that the U.S. Marshal effect service on their behalf pursuant to FED.R.CIV.P. 4(c)(2), persons who prepay civil filing fees "remain[] responsible for timely service"); 4A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE §§ 1090, 1094 (3d ed. 2002).

However, while the Court initially denied Plaintiff's Motion to Proceed IFP, the Court will **GRANT** Plaintiff's Motion to Proceed IFP for purposes of Marshal service only. Federal Rule of Civil Procedure 4(c)(2) provides that "[a]t the request of the plaintiff . . . the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose." FED.R.CIV.P. 4(c)(2). In addition, as noted above, when plaintiffs are granted leave to proceed IFP, the United States Marshal, upon order of the court, is authorized to serve the summons and complaint on the pauper's behalf. *See* 28 U.S.C. § 1915(d); *Boudette*, 923 F.2d at 757; *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1993).

Although Plaintiff paid the initial $350 filing fee when he commenced this action, he may still be eligible to proceed IFP. A request to proceed IFP need not be filed at any particular time, but may be initiated at any stage of a proceeding, since a person who is not an indigent at the commencement of a suit may become one during or prior to its prosecution. *See Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("IFP status may be acquired or lost throughout the course of the litigation"), *aff'd in pertinent part sub. nom, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995).

/ / /

/ / /

/ / /

/ / /

The Court now finds that Plaintiff's Motion to Proceed *IFP* is sufficient to show that his is unable to execute the service of his own Summons and Complaint. Accordingly, and in order to aid in the timely administration of justice in this matter, he will now be permitted to proceed IFP pursuant to FED.R.CIV.P. 4(c)(2) for purposes of service only.

### III.  Conclusion and Order

Good cause having now been shown, **IT IS ORDERED** that:

1. Plaintiff's Motion to Proceed IFP is hereby **GRANTED** for purposes of service only [ECF No. 6];

2. The Clerk shall forward to Plaintiff a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a copy of this Order, and copies of his Complaint and the summons for purposes of serving each of these Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

3. Defendants are thereafter **ORDERED** to reply to the Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

4. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be

1 filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy
2 of any document was served on Defendants, or counsel for Defendants, and the date of service.
3 Any paper received by the Court which has not been filed with the Clerk or which fails to
4 include a Certificate of Service will be disregarded.

5     IT IS SO ORDERED.

7 DATED: April 6, 2011

8                                                Hon. Anthony J. Battaglia
9                                                U.S. District Judge